STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6912
    FAX: (415) 436-7027
    Kristina.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE INES MORELOS, <br><br> Defendant. | NO. 18-CR-0290 WHA <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Hearing Date: May 31, 2022 <br> Time: 11:00 a.m. <br> Judge: Hon. William Alsup |

## I.    INTRODUCTION

On February 23, 2022, defendant Jose Ines Morelos pleaded guilty to Counts Two and Five of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing heroin (Count Two) and possession with intent to distribute 100 grams or more of a mixture or substance containing heroin (Count Five).  Presentence Report ("PSR") ¶¶ 1-4; Dkt. No. 489 (Plea Application).  Based on the unique factors of this case, the government respectfully recommends that the court impose a sentence of 39 months of imprisonment, followed by five years of supervised release, and a $200 special assessment.

## II. BACKGROUND

### A. Offense Conduct

In January 2018, Morelos and some of his co-defendants, specifically Miguel Angel Valencia-Garcia ("Valencia") and Ramon Farias-Gonzalez ("Farias") were captured on a wiretap arranging for Morelos to pick up a "burrito" (reference to controlled substance) from Farias in the Northern District of California. PSR ¶¶ 14–19. Morelos and Farias met at Home Depot in East Palo Alto on January 27, 2018 to execute the transaction. PSR ¶ 19. Agents observed Morelos and Farias meeting, while another co-defendant, Melchor Medina Barron ("Medina"), acted as look-out. PSR ¶ 19. Shortly after the Home Depot meeting, at approximately 1:33 p.m., California High Patrol ("CHP") officers executed a vehicle stop on the car Morelos was driving for vehicle code violations. PSR ¶ 20. Officers determined Morelos's license was suspended, and, because he could not drive the vehicle off the highway, the vehicle needed to be towed. PSR ¶¶ 20–21. When the officers asked Morelos to exit his vehicle, Morelos grabbed a brown bag and a balled-up sweater that were on the passenger seat. PSR ¶ 21. Officers instructed Morelos to place the bag and sweater on the hood of the patrol vehicle. When one of the officers grabbed Morelos's sweater to check it for weapons, he felt a large solid object that he believed may be a weapon. PSR ¶ 22. The officer opened the sweater and found a large shiny, burrito-shaped, black tar substance, wrapped in a clear, plastic ziplock bag, which was emitting a strong, distinct odor of vinegar. PSR ¶ 22. Lab tests confirmed that the substance contained heroin and had a net weight of 331.1 grams. *Id.*

On March 19, 2020, agents and officers executed a federal arrest warrant for Morelos, stemming from the charged case, in Manteca, California. PSR ¶¶ 23–24. While handcuffing Morelos, an officer observed a hard substance, inside a clear, plastic bag, wrapped in black tape, on the passenger side, rear floorboard of the car Morelos had been driving. PSR ¶ 24. The officer noticed that the substance was emitting a strong, distinct odor of vinegar. *Id.* The package, identified as heroin, had a gross weight of 618.8 grams. PSR ¶ 24. Lab tests confirmed that the substance tested positive for heroin and had a net weight of 497.3 grams. *Id.* When interviewed following his arrest, Morelos admitted that the narcotics found in his car were suspected heroin. PSR ¶ 27.

### B. Applicable Guidelines Calculation

On February 23, 2022, Morelos pleaded guilty to Counts Two and Five of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing heroin (Count Two) and possession with intent to distribute 100 grams or more of a mixture or substance containing heroin (Count Five). PSR ¶¶ 1-4; Dkt. No. 489 (Plea Application). The government agrees with Probation's Sentencing Guidelines calculation. PSR ¶¶ 25–44. Morelos has a base offense level of 28 (based on at least 700 grams but less than 1 kilogram of heroin). The government agrees that a 2-point reduction is appropriate because the defendant qualified for safety valve relief, and that a 3-point reduction is appropriate for acceptance of responsibility. This results in a total offense level of 23. The government agrees with Probation's determination that Morelos is in Criminal History Category I. PSR ¶ 48. The resulting Guidelines range is 46–57 months.

Because of the unique facts of this case and the history and characteristics of the defendant, the government recommends a sentence of 39 months' imprisonment (a downward variance from the Guidelines), and 5 years supervised release. Probation recommends a sentence of 24 months' imprisonment, 5 years supervised release, and a $200 special assessment. *See* PSR, Sentencing Recommendation.

## III. DISCUSSION

### A. Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

### B. A Sentence of 39 Months is Sufficient and Not Greater Than Necessary to Comply With 18 U.S.C. § 3553(a).

The government recommends a sentence of 39 months of imprisonment. This sentence is

appropriate based on the sentencing factors set forth in 18 U.S.C. § 3553(a).

39 months of imprisonment represents a downward variance from the Guidelines range as calculated in this case. The government, however, believes this sentence would sufficiently address the gravity of defendant's conduct, promote respect for the law, accomplish deterrence objectives, and protect the public, while balancing consideration of the history and characteristics of the defendant. *See* §§ 3553(a)(1), (2)(A)-(C). As detailed in the PSR and the Plea Agreement, Morelos committed a serious offense that exemplifies the danger he poses to the community. On two separate occasions he possessed, in total, over 800 grams of heroin for distribution. The government is concerned by the recidivism demonstrated by Morelos—he possessed large, distribution quantity amounts of heroin in 2018 (the charged offense) and, two years later, when he was arrested in 2020. Assuming individual dosage amounts could range between 0.1 grams and 2 grams, the amount of heroin Morelos possessed in total (828.4 grams) could represent between approximately 414 and 8,284 individual dosages. The Court is well aware of the egregious impact drugs, including heroin, can have on the community, not only on individuals that consume and become addicted to the drugs, but also the community at large, which can suffer the ripple effects of large scale drug distribution, such as increased drug-related violence and other general safety concerns in areas ravaged by drug trafficking activities.

The history and characteristics of Morelos, however, bear mention and warrant a downward variance. Morelos has had legitimate employment almost every year since 2005. PSR ¶¶ 73–76. He has worked at companies including Heinz, Carpenters, and Tesla. Most importantly, he has maintained employment while on pretrial and post-conviction release, working at Tesla, Drexel Meyer, and, most recently he has been working full time at Biondi Paving and Engineering. The government notes that Morelos's involvement in the instant offense appears to have coincided with one of the periods when he did not have steady employment, which is why his employment since committing the offense is all the more important and laudable. The government commends Morelos' commitment to hard work, earning legitimate income and being a contributing member of society. Morelos appears to have strived to turn his life around since committing the charged offense and maintaining steady employment is an important step on that path. In addition, Morelos has not engaged in criminal conduct and has abided by

his conditions of release without fail since he was arrested on this case. PSR ¶ 5. Morelos has demonstrated that, if given the opportunity, he can be a respected, law-abiding, hard-working, member of the community.

### IV. CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of 39 months of imprisonment, five years of supervised release, and a $200 special assessment.

DATED: May 24, 2022                                    Respectfully submitted,

                                                       STEPHANIE M. HINDS
                                                       United States Attorney


                                                        /s/ Kristina Green
                                                       KRISTINA GREEN
                                                       Assistant United States Attorney